Buzzatto et al., Appellants, *v.* Martin.

Argued April 16, 1969. Before WRIGHT, P. J., WATKINS, MONTGOMERY, JACOBS, HOFFMAN, SPAULDING, and CERCONE, JJ.

*Frank C. Carroll,* with him *Alexander McIlvaine* and *John R. Bowman,* for appellant.

*Wray G. Zelt, III,* with him *George B. Stegenga,* and *Zelt and Zelt,* for appellee.

OPINION PER CURIAM, June 12, 1969:
Order and judgment affirmed.

DISSENTING OPINION BY HOFFMAN, J.:

This appeal deals with a multiple car accident involving various plaintiffs and defendants. After reviewing the record I would award a new trial to Elizabeth Buzzatto limited to the issue of damages alone.

At the time of trial, the court, in its charge stated: "Here again I have not been able to find any loss of earnings with sufficient degree of certainty to allow you to figure them and include them in the verdict slip so I don't think you can award anything to the wife for loss of earnings at Mayview."

In its opinion, the court apparently admits error in this regard stating: "However, by reviewing the record, it is possible to determine that there were losses to some extent if the jury believed they were connected to the accident. To this extent the charge was inaccurate and unduly constrained the jury. It is unlikely they were constrained very much because the loss of earnings could not have been substantial."

The court, in my opinion, here underestimates the impact of its own charge upon the jury. Mrs. Buzzatto had testified as to loss of wages. The court then stated to the jury, erroneously, that that is no evidence of loss of earnings. The jury, hearing this charge, could only believe that the judge had concluded that Mrs. Buzzatto had been lying, at least as to this aspect. This comment, therefore, may have colored the jury's considerations in weighing the credibility of Mrs. Buzzatto's other testimony relating to pain and suffering. This is particularly so when we recognize that the jury verdict was low. The trial court itself stated: "We are not shocked by the verdict although it is not generous."

Appellee claims, in its brief, however, that Mrs. Buzzatto is not entitled to assert an error in this regard, because counsel for plaintiff failed to take exception to the charge before the jury withdrew. He points out further that the trial judge had stated: "Now gentlemen, have I made any statements you want me to correct or have I made any omissions you think I should correct." He argues that counsel did not respond to the question.

The record reflects, however, that even before counsel had an opportunity to enter an exception the court stated: "Now, we will remain seated and you can take your exceptions after the jury leaves the same as though they were here." Counsel then specifically objected to the court's comments relating to lost wages. Under such circumstances, appellee cannot claim that plaintiff's counsel failed to act when the record clearly shows that counsel took exceptions to the specific point involved when allowed by the court.

I believe that the potential prejudice of the judge's charge necessitates the granting of a new trial to Mrs. Buzzatto limited to the issue of damages.

SPAULDING, J., joins in this dissenting opinion.